UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 14-23908-CV-SEITZ/TURNOFF

JEFFREY MASON,
 Plaintiff,

v.

THE CITY OF MIAMI GARDENS, FLORIDA,
 Defendant.
_____/

## ORDER GRANTING IN PART MOTION FOR MORE DEFINITE STATEMENT AND TO DISMISS

This matter is before the Court on Defendant, City of Miami Garden's Motion for a More Definite Statement and to Dismiss [DE-21]. Plaintiff has sued the City of Miami Gardens (the City) for discrimination and retaliation in violation of 42 U.S.C. §§ 1981 and 1983, retaliation in violation of the Florida Public Whistleblower Act, Counts I through III, respectively, and wrongful termination in violation of Florida Statutes, § 92.57, Count IV. The City seeks a more definite statement as to Counts I, II, and III and to dismiss Count IV. Because Counts I, II, and III all incorporate the first 107 paragraphs of the complaint, the Motion for a More Definite Statement is granted. The Motion to Dismiss Count IV is denied because the state has waived sovereign immunity for Plaintiff's claim under § 92.57 through Florida Statutes, § 768.28.

The City seeks a more definite statement as to Counts I through III because Plaintiff's amended complaint is lengthy and each count incorporates the first 107 paragraphs into the count. The City asserts that it cannot reasonably be expected to respond to such a "shotgun" pleading. Plaintiff maintains that the amended complaint is not a shotgun pleading because he has pled separate and distinct counts against a single defendant. However, a shotgun pleading is one in which it "it is virtually impossible to know which allegation of fact are intended to support

which claims(s) for relief." *Anderson v. District Board of Trustees of Central Florida Community College*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (noting that a shotgun pleading is one in which "each count is replete with factual allegations that could not possibly be material to that specific count"). Here, Plaintiff has incorporated into all of his counts a lengthy and detailed history of his employment with the City and of its alleged discrimination and retaliation. Not all of these allegations support each of his claims. Thus, this constitutes a shotgun pleading. Consequently, the City's Motion for a More Definite Statement is granted. Plaintiff shall file a second amended complaint making clear which allegations pertain to which count.

The City contends that Count IV must be dismissed with prejudice because sovereign immunity has not been waived for claims made pursuant to Florida Statute, § 92.57, which states:

> A person who testifies in a judicial proceeding in response to a subpoena may not be dismissed from employment because of the nature of the person's testimony or because of absences from employment resulting from compliance with the subpoena. In any civil action arising out of a violation of this section, the court may award attorney's fees and punitive damages to the person unlawfully dismissed, in addition to actual damages suffered by such person.

There is nothing in the language of § 92.57 indicating that the legislature has waived sovereign immunity. Florida Statutes, § 768.28(1), which contains a limited waiver of sovereign immunity for tort actions, states that the state may be liable "for injury or loss of property, personal injury, or death." The City asserts that a claim under § 92.57 is a "tort," but § 768.28 has not waived sovereign immunity for purely economic torts, such as a violation of § 92.57, because such claims do not involve personal injury or property damage. Thus, the City asserts there has been no waiver of sovereign immunity for a violation of § 92.57 because § 92.57 does not include a

waiver of sovereign immunity; § 92.57 does not create a cause of action based on injury or loss of personal property, personal injury, or death; and a cause of action under § 92.57 is not included in the waiver of sovereign immunity found in § 768.28.

While it is clear that § 92.57 does not contain its own waiver of sovereign immunity, it is not as clear that § 768.28 does not waive sovereign immunity for claims made under § 92.57. Section 92.57 allows for recovery of "actual damages" which include compensatory damages. *See Ross v. Gore*, 48 So. 2d 412, 414 (Fla. 1950) (holding that "actual damages" mean "compensatory damages"). Compensatory damages include damages for pain, suffering, and humiliation, which are not purely economic damages, as the City maintains. *See Margaret Ann Super Markets, Inc. v. Dent*, 64 So. 2d 291, 292 (Fla. 1953) (compensatory damages include damages for mental suffering). Thus, contrary to the City's assertion, claims under § 92.57 are not necessarily claims for purely economic torts. As pled in the amended complaint, Plaintiff seeks damages for "pain, suffering, and humiliation," which is a form of personal injury, not a purely economic tort. Consequently, as pled, Plaintiff's claim for violation of § 92.57 would fall within the sovereign immunity waiver in § 768.28, which waives sovereign immunity for personal injury torts.

Accordingly, it is

ORDERED that City of Miami Garden's Motion for a More Definite Statement and to Dismiss [DE-21] is GRANTED in part and DENIED in part:

1. The Motion for a More Definite Statement is GRANTED. Plaintiff shall file a second amended complaint, in accordance with this Order, by **May 18, 2015.**

2. The Motion to Dismiss is DENIED.

DONE and ORDERED in Miami, Florida, this __6th__ day of May, 2015.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:  All Counsel of Record