UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CV-23908-SEITZ/Turnoff

JEFFREY MASON,

    Plaintiff,

vs.

CITY OF MIAMI GARDENS, FLORIDA,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant's Motion to Tax Costs. (ECF No. 66). This matter was referred to the undersigned by the Honorable Patricia A. Seitz, United States Senior District Court Judge for the Southern District of Florida. (ECF No. 17). Upon consideration of the motion, the record, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

### Background

Plaintiff Jeffery Mason is an African American male and former police sergeant with the Miami Gardens Police Department ("MGPD"). Plaintiff alleged that certain policies implemented by the City of Miami Gardens, Florida ("the City"), led MGPD officers to engage in a pattern and practice of police misconduct resulting in race-based and national origin-based stops. Plaintiff alleged further that, as a result of his complaints, he was subjected to frivolous disciplinary actions.

Mason filed a five-count racial discrimination/retaliation action on October 22, 2014. (ECF No. 1). The operative pleading was the Fourth Amended Complaint, filed on February 2, 2016, with

only two remaining counts for retaliation: Count II for violation of 42 U.S.C. § 1983 retaliation in violation of § 1981, and Count IV for retaliation in violation of Title VII and the Florida Civil Rights Act.

Defendant moved for summary judgment on the retaliation counts arguing that Plaintiff's actions, which led to the alleged retaliation, were not protected activity under the statutes, Plaintiff could not establish a causal connection between any protected activity and any adverse employment actions, and Plaintiff could not demonstrate that the City's reasons for its employment actions were pre-textual. The Court granted summary judgment (ECF No. 63), and entered Final Judgment in favor of Defendant. (ECF No. 64). Thereafter, Plaintiff filed an appeal that is currently pending. (ECF No. 65).

## Defendant's Motion to Tax Costs

Defendant has moved to recover its costs in the amount of $6,454.29. (ECF No. 66). Costs other than attorney's fees are to be awarded to the prevailing party in a civil action unless the Court otherwise directs. Fed. R. Civ. P. 54(d)(1). Section 1920 defines which costs are taxable. 28 U.S.C. § 1920. The court has discretion to award the costs that are specifically enumerated therein. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987). Pursuant to § 1920, a judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

>       (6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

When challenging costs, the burden lies with the losing party to show whether the costs are properly taxable, unless the prevailing party has exclusive knowledge regarding the proposed cost. Ass'n for Disabled Am, Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). In this case, as the prevailing party, Defendant is presumptively entitled to recover its costs. However, Defendant must show that the costs are authorized within the confines of § 1920 and that they were reasonable and necessarily incurred in connection with the case. Univ. of Miami v. Intuitive Surgical, Inc., No. 04-20409-CIV, 2007 WL 781912, at *1 (S.D. Fla. Mar. 13, 2007).

The costs are comprised of the following: $73.50 for copies of records; $6,220.79 in deposition transcripts; and $160 in fees for service of summons and subpoena. Defendant provided supporting documents, along with a Bill of Costs. Plaintiff filed a response (ECF No. 67), to which Defendant filed a reply. (ECF No. 68).

**1.    Copies**

Although Defendant was billed at a higher rate, it seeks to recover $.35 per page for copies of 210 pages of records. Plaintiff objected to this cost because no supporting documentation was provided. Defendant noted that it provided invoices from Miami-Dade Fire Rescue Department Central Records Bureau, HealthPort, and The Center for Psychological Counseling Services, Inc. The undersigned finds that these costs were properly documented and should be awarded to Defendant. However, the undersigned finds that the rate of $0.35 per page is excessive and will reduce the award to a reasonable rate of $0.14 per page. See Monelus v. Tocodrian, 609 F. Supp. 2d. 1328, 1336 (S.D.

Fla. 2009) (stating that $0.10 to $0.14 per copy is reasonable and ultimately awarding $0.14 per page). At this per page rate, Defendant is entitled to copying costs of $29.40 for 210 pages. As such, the undersigned **RECOMMENDS** that Defendant be awarded its copy costs in the amount of $29.40.

## 2.   Depositions

Next, Plaintiff objected to deposition costs for expedited transcripts, condensed copies of transcripts, witness packets, and digital transcripts. Moreover, Plaintiff argued that only one of the depositions was relied upon by Defendant in its summary judgment motion–Defendant did not use the depositions of Lewers, Negron, Hunholz, Kinglee, Boyd, Trujillo, and Benson. As Defendant correctly noted, whether a deposition was used in summary judgment is not the standard for recovery of costs. Moreover, the Court notes that most of the depositions were set by Plaintiff. Alternatively, Plaintiff argued that Defendant should only recover $2,348.40, which represents reductions for expedited delivery, other formats produced solely for convenience of counsel, and for copies of exhibits.

With respect to the Mason deposition, Defendant objected to the charge of $819.54 for a 5-day expedited transcript, $39 for the CD litigation support package, $19.50 for a condensed transcript, $45 for expedited delivery, $71.40 in exhibit copies, and $452.50 for the court reporter attendance fee. As such, Plaintiff argued that Defendant should only recover $1,365.90 for the Mason deposition.

Generally, "a deposition taken within the proper bounds of discovery will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged."

George R. Hall, Inc. v. Superior Trucking Co., 532 F.Supp. 985, 994 (N.D. Ga. 1982) (quoting Jeffries v. Ga. Residential Fin. Auth., 90 F.R.D. 62, 63 (N.D. Ga. 1981)). By contrast, "where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." U.S. E.E.O.C. v. W & O, Inc., 213 F.3d 600, 620 (11th Cir. 2000) (quoting Goodwall Const. Co. v. Beers Const. Co., 824 F.Supp. 1044, 1066 (N.D. Ga. 1992), aff'd, 991 F.2d 751 (Fed. Cir. 1993)).

The undersigned agrees that not all of the costs listed on the invoices should be taxable to Plaintiff. With respect to the costs of CD's, electronic and mini transcripts, litigation packages, etc., associated with the transcribed depositions, courts have found that, where such extra services are only for the convenience of counsel, they are not reimbursable under § 1920. See Powell v. Home Depot U.S.A., Inc., No. 07-80435-CIV, 2010 WL 4116488, at *10 (S.D. Fla. Sept. 14, 2010) (Hopkins, M.J.) (recommending that costs related to scanning, disk copies, mini-scripts and "CD Deposition Litigation Packages" be disallowed) (Report and Recommendation adopted in 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010)); Johnson v. Commc'ns Supply Corp., No. 05-60510-CIV, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006) (declining to award costs for mini-transcripts and disk copies of transcripts because they were incurred for the convenience of counsel); Feinschreiber v. U.S., No. 01-3628-Civ, 2002 WL 31084156, at *2 (S.D. Fla. Aug.12, 2002) (Huck, J.) (disallowing costs for ASCII and mini-u-script deposition transcripts); Price v. United Technologies Corp., Case No. 99-8152-CIV, 2001 WL 36085163, at *3 (S.D. Fla. Jul. 27, 2001) (disallowing costs for condensed transcripts and computer disks). Here, Defendant has failed to demonstrate that these costs were necessarily incurred and were not merely for the convenience of counsel. Rodriguez v. Marble Care Intern., Inc., 822 F.Supp.2d 1316, 1320 (S.D. Fla. 2012). Accordingly, the undersigned

finds that these miscellaneous amounts should not be taxed as costs.

Similarly, many courts have declined to award costs for court reporter delivery fees and handling charges. See Id. (shipping and handling costs are not recoverable); Robinson v. Alutiiq-Meile, LLC, 643 F.Supp.2d 1342, 1354-55 (S.D. Fla. 2009) (Gold, J.) (adopting Report and Recommendation of McAliley, M.J.) ("Shipping and handling charges by the stenographer are not taxable"); George v. Florida Dept. of Corr., No. 07-80029, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008) (Rosenbaum, M.J.) (denying costs for transcript delivery fee where movant failed to demonstrate such cost was incurred out of necessity, as opposed to mere convenience of counsel); Suarez v. Tremont Towing, Inc., No. 07-21430-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug.1, 2008) (Simonton, M.J.) (courier, handling and delivery charges by court reporter not taxable). Therefore, the undersigned finds that charges for shipping and delivery should not be taxed as costs either.

However, as numerous courts have ruled, court reporter attendance fees are taxable costs because it is necessary for the court reporter to appear, record the testimony, and then prepare the deposition transcript. See Rodriguez v. M.I. Quality Lawn Maint., Inc., No. 10-21031-CIV, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012) (collecting cases). This Court agrees that the appearance fees of the court reporters are directly related to transcript preparation. Accordingly, the undersigned finds that the court reporter appearance fees should be taxed as costs.

After deducting the costs for exhibits, condensed transcripts, digital transcripts, witness read and sign packets, color exhibits, handling fees, expedited fees, and litigation support packages, the undersigned **RECOMMENDS** that Defendant be awarded costs for depositions in the amount of $3,800.50.

### 3. Service of Subpoenas

Finally, Plaintiff objected to the fees for the service of summonses and subpoenas that were incurred in serving third party subpoenas to Plaintiff's former employers and medical providers arguing that none of the records sought by the subpoenas were used in connection with the summary judgment motion. As Defendant correctly noted, the witness fees are properly taxable to Plaintiff. The cost of service of process is taxable as "fees of the marshal" pursuant to § 1920(1). Although private process server fees are recoverable pursuant to § 1920, Monelus, 609 F. Supp. 2d. at 1333, such fees may not exceed the cost of the U.S. Marshal's fees. W & O, Inc., 213 F.3d at 624. When the Marshal's Service serve process, its rate is $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. See 28 C.F.R. § 0.114(3). Here, the attached invoice that supports the expenditures are less than the Marshal's rate. Therefore, the undersigned **RECOMMENDS** that Defendant recover costs of service in the amount of $160.00.

### RECOMMENDATION

Based on the foregoing, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Tax Costs (ECF No. 66) be **Granted-in-part and Denied-in-part**, as set forth herein, and that Defendant be awarded the total amount of **$ 3,989.90** in costs.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with Judge Seitz within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this ___ day of December 2016.

**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc:  Hon. Patricia A. Seitz
     Counsel of Record